## COTTING et al. v. GRANT ST. ELECTRIC RY. CO. et al.

(Circuit Court, D. Washington, N. D.   January 25, 1895.)

CORPORATION—CONTRACT MADE BY OFFICER.
    Where a contract, though made in the individual name of the president of a corporation, is made for its use and benefit, and is so understood by its officers, and it, with full knowledge of the terms of the contract, assumes the payment stipulated therein, and alone profits thereby, it will be liable for the contract price.

Suit by Charles E. Cotting and others against the Grant Street Electric Railway Company and others.   Heard on petition of the receiver to vacate an order.

Burke, Shepard & Woods, for complainants.
Blaine & DeVries, for defendants.

HANFORD, District Judge.   In this case the receiver of this court, in possession of the property of the Grant Street Railway Company, hereinafter referred to as the defendant corporation, has petitioned the court to vacate an order heretofore made, requiring him to perform the conditions of a contract by which the defendant corporation became bound to pay for the electric current for lighting the residence of Mr. G. E. M. Pratt, which order was made by the court upon the petition of Mr. Fred E. Sander, president of the defendant corporation, setting forth the contract and the obligation of the defendant corporation thereunder.   Although said petition was granted upon a hearing after notice to the receiver, and after his counsel had been heard to make an argument in opposition, the present petition to vacate the order is upon the ground that the allegations of Mr. Sander's petition are untrue in fact, and that the defendant corporation never contracted or became obligated to pay for the electric lights in Mr. Pratt's residence.   All the difficulties in this matter are due to an apparent attempt to follow the fashion, now prevalent, of transacting business not by or through the agency of a corporation simply, but through families of corporations.

I find that the defendant corporation owned machinery and appliances for creating electricity for lighting purposes, which it could not utilize without obtaining a license or permission from the city of

v.65F.no.6—35

Seattle to place poles and wires in the streets and alleys of the city. Mr. Pratt had acquired ownership of a franchise granted by the city for such purpose. The principal defendant is a close corporation. Mr. Sander and his wife, owning most of the stock, are each trustees, and they, together with Mr. Bruns, constitute the board of trustees. Mr. Sander is president, and, by resolution of the board of trustees, endowed with unlimited power, as manager of the corporation, to transact all its financial business, and to bind the corporation by any and all contracts which he may enter into for its benefit or in its behalf. Mr. Sander is also president and factotum of another corporation, bearing the corporate name of "Fred E. Sander, Incorporated." Mr. Sander, in his individual name, entered into an executory contract with Mr. Pratt, by which he agreed to purchase the aforesaid franchise, and to pay therefor the sum of $500, and also to furnish electric current sufficient for a specified number of electric lights in Mr. Pratt's residence for a period of five years, and to make the connections necessary for supplying such current free of expense to Mr. Pratt. Pursuant to that executory contract, the defendant corporation paid said sum of $500 directly to Mr. Pratt, by a check for that amount drawn upon the bank of Dexter, Horton & Co.; and the defendant corporation, until it went into the hands of the receiver, paid the bills for electricity furnished for lighting Mr. Pratt's residence monthly, and, in consideration of said payments, Mr. Pratt, by an instrument in writing, assigned and transferred his franchise to the Fred E. Sander, Incorporated. This last-named corporation never paid anything on account of said contract, nor made any use of said franchise, other than to assign and transfer it, along with other property and franchises, to the defendant corporation. Mr. Sander and Mr. Bruns have filed affidavits in which they testify positively and unequivocally that the contract with Mr. Pratt, although made in the name of Fred E. Sander, as an individual, was in fact made for the use and benefit of the defendant corporation, and was so understood by the officers of said defendant at the time, and that the defendant corporation, with full knowledge of the terms of the contract and the manner in which it was made, did actually assume the payments stipulated in said contract, and that the defendant alone has profited by the acquisition of said franchise.

Upon these facts, there can be no question but what the defendant corporation was the principal contracting party, and Mr. Sander but an agent, in making the contract with Mr. Pratt. The defendant, therefore, would not be permitted to deny its liability to pay the contract price for the franchise right acquired by said contract. The idea that, where two parties co-operate in a business transaction, one may acquire and retain all the benefits, while the other, without financial ability to respond, is alone burdened with all the liabilities incurred, can receive no support in a court of justice. The defendant, while permitted to manage its own affairs, never disputed or sought to shirk its responsibility under this contract; and I hold that the receiver, who now acts in place of the manager and board of trustees, shall not be permitted to do so.